Filed 6/21/23  Capital Wholesale v. Buehring CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| CAPITAL WHOLESALE LLC, | C095879 |
| Plaintiff and Appellant, | (Super. Ct. No. 34202100298533CUDFGDS) |
| v. | |
| AARON BUEHRING, | |
| Defendant and Respondent. | |

Plaintiff Capital Wholesale LLC sued Aaron Buehring for libel, defamation per se, and false light based on allegations that he posted negative reviews of Capital Wholesale online.  Buehring responded with a successful anti-SLAPP motion to strike the complaint pursuant to Code of Civil Procedure section 425.16.[1]  Capital Wholesale appeals from a subsequent judgment awarding $23,728 for attorneys' fees and costs to Buehring.

---

[1]  The anti-SLAPP statute "provides for early dismissal of certain actions known as 'strategic lawsuits against public participation.' " (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 85.)

Capital Wholesale argues the trial court abused its discretion by failing to completely analyze the reasonableness of these fees. We disagree and affirm the attorneys' fee award. While we reject Buehring's request that we sanction Capital Wholesale for filing a frivolous appeal, he is nonetheless entitled to costs and attorneys' fees for this successful appeal.

## I. BACKGROUND

Buehring filed a motion seeking recovery of $37,400 in attorneys' fees and $228 in costs as the prevailing party pursuant to Code of Civil Procedure section 425.16, subdivision (c). In support of his motion, Buehring submitted a declaration from one of his attorneys. In part, the declaration set forth the hours expended by two attorneys, as well as their billable rates.

The requested $228 in costs was undisputed. As to the attorneys' fees, the trial court found the declaration did "not suffice to establish the reasonableness of the 81.6 hours of attorney time for the anti-SLAPP motion. Indeed, the Court is familiar with anti-SLAPP motions, and Defendant's anti-SLAPP motion was not complex." The court further explained, "[t]he issues were straightforward and no hearing was required." The court found counsel's hourly rates were reasonable, but found Buehring was only entitled to an award for a total 50 hours of attorney time. After multiplying the number of hours it determined were reasonable for each attorney by each attorney's hourly rate, the trial court awarded Buehring $23,500 in attorneys' fees. The court entered judgment accordingly, and Capital Wholesale filed a timely appeal from this judgment.

## II. DISCUSSION

### A. *The Trial Court's Fee Award*

The prevailing defendant on an anti-SLAPP motion "shall be entitled to recover that defendant's attorney's fees and costs." (Code Civ. Proc., § 425.16, subd. (c)(1).) This appeal challenges only the trial court's determination of reasonable attorneys' fees. "[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the

2

number of hours reasonably expended multiplied by the reasonable hourly rate." (*PLCM Group v. Drexler* (2000) 22 Cal.4th 1084, 1095.) "The lodestar figure may then be adjusted, based on consideration of factors *specific to the case*, in order to fix the fee at the fair market value for the legal services provided." (*Ibid*., italics added.) As relevant to this appeal, in *Ketchum v. Moses* (2001) 24 Cal.4th 1122 (*Ketchum*), our Supreme Court mentioned four such factors: "the lodestar . . . *may* be adjusted by the court based on factors *including*, *as relevant herein*, (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award. . . . In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services." (*Ketchum, supra*, at p. 1132, italics added.)

"We review a trial court's fee award using an abuse of discretion standard." (*Pasternack v. McCullough* (2021) 65 Cal.App.5th 1050, 1055.) "The ' "experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong." ' " (*Ketchum, supra*, 24 Cal.4th at p. 1132.) "Unless an appellant demonstrates otherwise, we assume the trial court followed the law and acted within its discretion." (*Sonoma Land Trust v. Thompson* (2021) 63 Cal.App.5th 978, 984.)

As to the first factor mentioned in *Ketchum*, the trial court reduced the requested fees based on its conclusion that Buehring's anti-SLAPP motion was "not complex" and "[t]he issues were straightforward." Capital Wholesale argues the trial court's analysis was incomplete because the trial court "did not analyze the other *Ketchum* factors including the skill displayed in presenting them, the extent to which the nature of the litigation precluded other employment by the attorneys, and the contingent nature of the

3

fee award." This assertion is unavailing. A trial court is not required to issue a statement of decision with specific findings regarding a fee award, and the appellant must affirmatively demonstrate the court erred. (*Ketchum, supra,* 24 Cal.4th at pp. 1140-1142.) Thus, "we cannot reverse an attorney fee award solely for lack of an explanation by the trial court. We can reverse only if the record contains some indication that the trial court considered improper factors or did, indeed, simply snatch its award 'from thin air.' " (*Save Our Uniquely Rural Community Environment v. County of San Bernardino* (2015) 235 Cal.App.4th 1179, 1189-1190.) Here, nothing in the record indicates the trial court abused its discretion. As to the second factor, the trial court implicitly concluded the skill displayed in presenting the motion did not require a further adjustment. The trial court noted it could consider the skill required and the skill employed in handling the litigation but made no adjustments based on this factor. The record does not suggest any adjustments were required. The remaining factors mentioned by Capital Wholesale did not apply. As to the third factor, there was no evidence the nature of the litigation precluded other employment. As to the fourth factor, the evidence showed Buehring paid an hourly rate and his lawyers had taken no contingent risk. The record indicates the trial court considered and properly applied the relevant factors. Therefore, Capital Wholesale has not demonstrated the court abused its discretion in setting the amount of the award. We will therefore affirm the award.

B.     *Request for Sanctions*

Buehring asks that we impose sanctions on Capital Wholesale for filing a frivolous appeal. (Code Civ. Proc., § 907; Cal. Rules of Court, rule 8.276.) Although Capital Wholesale's claims lack merit, we decline to find that its appeal is so egregious as to warrant the imposition of sanctions. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 651 ["[T]he punishment should be used most sparingly to deter only the most egregious conduct"].) Accordingly, we will not impose sanctions.

4

*C.* *Attorneys' Fees on Appeal*

Buehring argues he is entitled to attorneys' fees and costs related to this appeal. We agree. "[A]n award of fees may include not only the fees incurred with respect to the underlying claim, but also the fees incurred in enforcing the right to mandatory fees under Code of Civil Procedure section 425.16." (*Ketchum, supra,* 24 Cal.4th at p. 1141.)

"Accordingly, defendants are entitled to, and are awarded, their attorney fees [and costs] on this appeal in an amount to be determined by the trial court on remand." (*Rosenaur v. Scherer* (2001) 88 Cal.App.4th 260, 287.)

### III.  DISPOSITION

The judgment granting attorneys' fees is affirmed.  Aaron Beuhring is awarded his costs and attorneys' fees on appeal.  The matter is remanded to the trial court to determine the amount thereof.

/S/

_____
RENNER, J.

We concur:

/S/

_____
DUARTE, Acting P. J.

/S/

_____
HORST, J.*

---

* Judge of the Placer County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.